UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 15-10131-NMG |
| ) | |
| (1) AMIT KANODIA, ) | |
| Defendant. ) | |

## AMENDED ORDER OF FORFEITURE (MONEY JUDGMENT)

**GORTON, D.J.**

WHEREAS, on June 29, 2016, a federal grand jury sitting in the District of Massachusetts returned a nineteen-count Superseding Indictment, charging defendant Amit Kanodia (the "Defendant"), and others, with Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. §371 (Count One), and Securities Fraud, in violation of 15 U.S.C. §§ 78j(b), and 78ff(a), 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2 (Counts Two through Nineteen);

WHEREAS, the Superseding Indictment contained a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(8), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Superseding Indictment, of any real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of the offense; and/or any real or personal property constituting, derived from, or traceable to the gross proceeds that the Defendant obtained directly or indirectly as a result of the offense;

WHEREAS, Superseding Indictment also contained a forfeiture allegation pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States sought forfeiture, upon conviction of the Defendant of any offense alleged in Counts Two through Nineteen of the Superseding Indictment, of any property, real or personal, which constitutes or is

derived from proceeds traceable to the commission of such offenses;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p);

WHEREAS, on October 17, 2016, after a seven-day jury trial, a jury found the Defendant guilty on Counts One, Four through Nine, and Sixteen through Nineteen of the Superseding Indictment;

WHEREAS, during the trial, Steve Watson ("Watson"), one of the two tippess, testified that, after trading on the Defendant's material nonpublic information, and pursuant to his agreement with the Defendant, Watson paid the Defendant a portion of his trading proceeds, or $22,500;

WHEREAS, Watson further testified that, pursuant to the Defendant's direction, Watson made the check payable to the Lincoln Charitable Foundation, and a summary witness testified that Watson's $22,500 was deposited into an account at Bank of America, controlled by the Defendant, and in the name of the Lincoln Charitable Foundation;

WHEREAS, the only other deposit into that account was a $220,000 wire transfer from the other tippee, Iftikar Ahmed, made within days of the Defendant having opened the account;

WHEREAS, based on the evidence and testimony presented at trial and the jury's verdict as to the Defendant, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $242,500 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(8), and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $242,500 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 15 U.S.C. §§ 78j(b), and 78ff(a), 17 C.F.R. § 240.10b-5, 18 U.S.C. §§ 371, 2; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $242,500 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(8), and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(b), any discovery to identify, locate or dispose of forfeitable

property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
NATHANIEL M. GORTON
United States District Judge

Dated: 1/26/17