UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>IFTIKAR AHMED<br>        Defendant, | Criminal No. 15-10131-NMG<br><br>July 21, 2025 |

## NOTICE REGARDING STATUS REPORT (DOC. 508)

Ms. Shalini Ahmed respectfully submits this brief clarification regarding the government's Status Report (Doc. 508), which confirms that the United States has completed the sale of the real property located at 8 Lindsay Drive, Greenwich, Connecticut, formerly known as 505 North Street, Greenwich, Connecticut.

Ms. Ahmed notes that the completion of the sale does not render her pending Emergency Motion under Rule 60(b) (Doc. 507) or her request for TRO moot. As set forth in her motion and reply, she challenges the constitutionality and equity of the enforcement process itself, including the government's creation of impossibility through its asset freeze and the sealed proceedings authorizing enforcement.

Rule 60(b) provides courts with broad equitable power to vacate judgments and enforcement actions, even post-execution, especially when extraordinary circumstances are shown under Rule 60(b)(6). The Supreme Court has held that a judgment may be set aside "even after the judgment becomes final," if affected by a fundamental infirmity. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); see also *Klapprott v. United States*, 335 U.S. 601 (1949).

While the specific sale has occurred, Ms. Ahmed's request for temporary and equitable relief remains live. The TRO was sought to preserve the Court's ability to grant meaningful relief, including restitution of proceeds or restoration of title – authority that endures despite the sale. If the enforcement judgment was void or constitutionally improper, then all steps taken in reliance on that judgment, including the seizure and sale, can and must be unwound.

Accordingly, Ms. Ahmed maintains that the Court retains full authority to grant relief under Rule 60(b), notwithstanding the procedural status of the sale. While the Status Report indicates that the sale has closed and proceeds have been deposited with the Court, Ms. Ahmed respectfully clarifies that her Emergency Motion (Doc. 507), including her request for temporary and equitable relief, remains pending and active. That motion challenges the legitimacy of the enforcement process that enabled the sale, and requests relief sufficient to restore her legal and equitable interest in the home.

Ms. Ahmed respectfully submits this Notice to ensure that the Court retains the full scope of equitable remedies in resolving her pending motion, including the authority to:

- Maintain the proceeds in escrow,
- Prevent further encumbrance or occupancy of the property, and
- Preserve all equitable remedies, including restoration of title.

Ms. Ahmed files this notice to preserve the record of her continuing claim to full relief, including restoration of her home.

Dated: July 21, 2025

Greenwich, Connecticut

Respectfully Submitted,

By: _/s/ Shalini Ahmed_____
    Shalini A. Ahmed
    Tel: 646-309-8110
    Email: shalini.ahmed@me.com
    *Pro Se*

## CERTIFICATE OF SERVICE

I, Shalini Ahmed, certify that upon ECF filing, a copy will be sent to all parties of record through the ECF system.

Date: July 21, 2025

By: _/s/ Shalini Ahmed_____
    Shalini A. Ahmed

3